37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ray PARRA-OSUNA, Defendant-Appellant.
 No. 94-50049.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ray Parra-Osuna appeals his conviction for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Parra-Osuna entered a conditional guilty plea to the charge, preserving his right to appeal the district court's denial of his motion to suppress evidence seized pursuant to a warrantless search of his vehicle. He claims the district court erred in denying his motion because his investigatory detention amounted to a de facto arrest for which there was no probable cause. We review de novo motions to suppress and determinations of the presence or absence of probable cause. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990). We review for clear error the underlying facts as found by the district court. Id. We have jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3741, and affirm.
 
 
 3
 On October 19, 1992, a blue van with two female occupants entered the United States from Mexico at the San Ysidro Port of Entry. The van had been inspected at the same point of entry on September 12, 1992, and a narcotic detector dog had alerted to the floor area where a false compartment was discovered. United States Customs agents therefore referred the van into secondary inspection for the October entry. Agents escorted the two women into the security office and inspected the van. They found cocaine in small packages hidden in the roof compartment of the van. The women were told, after being detained more than an hour, that their immigration papers were in order, and that they could proceed. They were followed by United States Customs agents and Drug Enforcement Administration agents.
 
 
 4
 The women drove to a nearby restaurant and met with a third person who moved the blue van and then ran to another van which was parked in a position that provided a clear view of cars passing through the San Ysidro Port of Entry. One of the women left the restaurant and returned with a fourth person, later identified as Jesus Valera, who drove her in the blue van from the restaurant to a gas station. The second woman arrived at the gas station in a separate vehicle and got back into the blue van. Valera then drove the two women to a second restaurant where Parra-Osuna and another man joined them. The five individuals ate lunch and left the restaurant together. Parra-Osuna entered a brown van and Valera entered the blue van. The other three individuals left in a third vehicle and were not followed. The brown van left the restaurant parking lot and entered I-5 northbound, closely followed by the blue van. The two vans left I-5 at the next exit, drove into a nearby cul-de-sac, which was a dead end, and stopped. The two drivers, after a short wait in their vans, turned the vans around and retraced their route to the freeway frontage road. They then drove in tandem in a loop through a hilly residential area and re-entered I-5 northbound at the same interchange where they had exited. They traveled approximately eight miles before exiting again. The vans were driven through another residential neighborhood and back to the second I-5 interchange. Parra-Osuna was closely followed by Valera at all times.
 
 
 5
 The agents concluded that the vans were being driven in a manner consistent with that of someone trying to determine if they were being followed by law enforcement officials. Shortly after the vans again re-entered I-5, this time southbound, the agents concluded that Parra-Osuna and Valera were aware they were being followed, and that Parra-Osuna was attempting to abandon the convoy. The agents following Parra-Osuna engaged their siren and red lights after Parra-Osuna exited I-5 and stopped at a stop light. The agents ordered Parra-Osuna out of his van at gun-point, and searched and handcuffed him. They detained him while Valera was stopped, brought to the same location, and questioned. The agents who stopped both men conferred and then told Parra-Osuna that he was under arrest.
 
 
 6
 Probable cause for a warrantless arrest exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe that a suspect has committed, is committing, or is about to commit a crime. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990). The collective knowledge of all officers involved in the investigation and all reasonable inferences that may be drawn from that collective knowledge are considered in determining probable cause. Id.
 
 
 7
 As the district court found, Parra-Osuna was in a leadership position while the vans were driven in tandem, and he was attempting to detect surveillance by driving down blind avenues, into cul-de-sacs, and on and off the freeway. The agents' observation of this counter-surveillance and in tandem driving, coupled with their knowledge of Parra-Osuna's lunch meeting with Valera and the women who brought the van and its hidden cocaine through the port of entry, gave the agents probable cause to believe that Parra-Osuna was a knowing participant in a conspiracy to import or possess cocaine with intent to distribute. The agents had probable cause to arrest Parra-Osuna when they stopped his van. We affirm the district court's denial of Parra-Osuna's motion to suppress without determining whether his investigatory detention amounted to a de facto arrest.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3